UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AWRAHA Y. DANIEL,

    Plaintiff,

v.

Case No. 09-11282

Honorable Patrick J. Duggan

ALLSTATE INSURANCE COMPANIES,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 22, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Awraha Y. Daniel ("Daniel") filed the present lawsuit in Wayne County Circuit Court in February 2009 against Allstate Insurance Company ("Allstate"). Allstate subsequently removed the case to this Court. Presently before the Court is Allstate's Motion for Partial Judgment on the Pleadings and/or for Partial Summary Judgment. Daniel failed to reply to the motion and, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court dispensed with oral argument. For the reasons set forth below, the Court grants Allstate's motion.

**I. Background**

This lawsuit involves an insurance dispute over a claim by Daniel for losses related

to a fire and theft at his home in July 2008.  After conducting an investigation, Allstate denied Daniel's claim on grounds that the fire resulted from an intentional act either by Daniel or done at Daniel's direction and that Daniel had violated the concealment and fraud provisions of the relevant insurance policy.  Daniel subsequently filed the present lawsuit alleging that the denial amounted to a breach of contract and a violation of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws Ann. § 445.90 *et seq.* In the present motion, Allstate seeks dismissal of Daniel's MCPA claim and various other assertions made by Daniel in the course of discovery.

## II. Standard of Review

"The manner of review [on a motion for judgment on the pleadings] is the same as a review [on a motion to dismiss for failure to state a claim upon which relief can be granted]."  *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  To analyze such motions, the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

## III. Michigan Consumer Protection Act

Daniel purportedly brings his MCPA claim pursuant to "the recent Court of Appeals Case, **Smith -v- Globe**."  (Compl. ¶ 21.)  If by this Daniel means the 1999 Michigan Supreme Court case *Smith v. Globe Life Ins. Co.*, 460 Mich. 446, 597 N.W.2d 28 (1999),[1]

---

[1] This is the only and most recent case that appears after searching for Michigan state cases with party names Smith and Globe.

that case has since been superceded in relevant part by an amendment to the MCPA. *See* Mich. Comp. Laws Ann. § 445.904(3). Under the amended statute, "the MCPA no longer applies to insurance companies." *McLiechey v. Bristol West Ins. Co.*, 408 F. Supp. 2d 516, 524 (W.D. Mich. 2006). Therefore, Allstate is entitled to judgment on the pleadings as to this claim.

### IV. Plaintiff's Identification of Potential Damages

As part of discovery, Allstate submitted an interrogatory to Daniel stating, "Please state, separately, each element of **damage** for which you are claiming compensation and/or entitlement in this lawsuit, including but not limited to, damages for breach of contract . . . ." (Def.'s Mot. Ex. A at 4.) Allstate contends that Daniel, in response to this interrogatory, asserted three new claims for economic damages, non-economic damages/attorney fees, and mental distress. In the present motion, Allstate seeks dismissal of these three new "claims" on grounds that Daniel failed to plead them in his complaint and that each fails to state a claim upon which relief can be granted.

Having reviewed Daniel's response to the interrogatory in its entirety, the Court concludes that Allstate is operating under a misinterpretation. The economic damages, non-economic damages/attorney fees, and mental distress alluded to in Daniel's response refer to the types of damages Daniel seeks under the MCPA. Because the Court has dismissed Daniel's MCPA claim, the Court need not independently address Allstate's arguments regarding the types of damages sought thereunder.

### V. Conclusion

Daniel's MCPA claim fails as a legal matter because such claims cannot be brought

3

against an insurance company.

Accordingly,

**IT IS ORDERED** that Allstate's motion for partial judgment on the pleadings is

**GRANTED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Paul C. Woods, Esq.
Amy L. Wille, Esq.